IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL CASE NO. |
| | ) | 2:94cr62-MHT |
| **LORENZO HUGHES** | ) | (WO) |

OPINION AND ORDER

On June 13, 2003, the United State Magistrate Judge entered a recommendation that the 28 U.S.C. § 2255 motion filed by defendant Lorenzo Hughes on April 10, 2000, be denied because his claims entitled him to no relief.  On June 23, 2003, Hughes filed objections to the recommendation.  An order overruling the objections and adopting the recommendation was entered on July 10, 2003, and final judgment was entered the same day.  Hughes did not appeal from this judgment.

On May 13, 2006, Hughes filed a pleading styled as "Petitioner's Motion to Reopen the Time to File an Appeal of His Habeas Corpus, 28 U.S.C. § 2255 Application."[1]  In

---

1. Although Hughes's motion is date-stamped "received" on May 19, 2006, under the "mailbox rule," the
(continued...)

this motion, Hughes states that it was not until May 11, 2006, through a letter he received from this court in response to his inquiries in January and May 2006 into the status of his § 2255 motion, that he first learned of this court's judgment denying his § 2255 motion.[2] He asserts that his failure to receive notice of the court's judgment prior to this date--and, consequently, his failure to file an appeal--was "through no fault of his own." Accordingly, he requests that this court grant the instant motion to reopen the time to file an appeal.

---

1. (...continued)
court deems it filed on the date he delivered it to prison authorities for mailing, presumptively, May 13, 2006, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271-72 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

2. Hughes states that, on January 23, 2006, he filed a "motion/letter" with this court inquiring into the status of his § 2255 action. He maintains that on May 1, 2006, when he did not receive a response to his original inquiry, he filed a second "motion/letter" requesting the status of his case. According to Hughes, on May 11, 2006, he received a letter from this court informing him that a final judgment denying his § 2255 motion was entered on July 10, 2003.

2

Generally, notice of appeal in a 28 U.S.C. § 2255 proceeding must be filed within 60 days after entry of the judgment being appealed.  Fed.R.App.P. 4(a)(1)(B); see Butcher v. United States, 368 F.3d 1290, 1293 n.1 (11th Cir. 2004).  "Although the district court clerk's office is obligated to serve parties with notice of judgments and orders, '[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.' Fed.R.Civ.P. 77(d)."  Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co., 279 F.3d 1306, 1309 (11th Cir. 2002).

Fed.R.App.P. 4(a)(6) authorizes the district court to reopen the time for filing an appeal upon a motion "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of

the entry, whichever is earlier."[3]  (Emphasis added); see also 16A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.6, at 228 (3d ed. 1999) ("Rule 4(a)(6) provides the exclusive means

---

3.  Rule 4(a)(6) provides as follows:

"The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

   (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

   (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

   (C) the court finds that no party would be prejudiced."

For purposes of this order, it is necessary to discuss only the time limit provided in subpart (A) of Rule 4(a)(6).

for extending appeal time for failure to learn that judgment has been entered."); accord Vencor Hospitals, 279 F.3d at 1309-11. Hughes maintains that his attempt to reopen the time for appeal is timely because he filed his motion within seven days after he first learned of this court's judgment denying his § 2255 motion. However, his argument in this regard is misplaced because Rule 4(a)(6) establishes an outer time limit of 180 days after entry of judgment to file a motion to reopen the time for appeal. Vencor Hospitals, 279 F.3d at 1310; see also advisory committee's notes to 1991 amendment, Fed.R.App.P. 4. The seven-day period specified in Rule 4(a)(6) applies only where the moving party has received notice of the entry of judgment before expiration of the 180-day period in Rule 4(a)(6) and does not extend the time limit for filing a motion to reopen beyond that 180-day period.[4] Vencor Hospitals, 279 F.3d at 1310.

---

4. Hughes cites McDaniel v. Moore, 292 F.3d 1304, 1306 (11th Cir. 2002), as support for his contention that, under Rule 4(a)(6), if a defendant files a motion
(continued...)

Because Hughes's motion to reopen the time for appeal was filed well after expiration of the 180-day period after entry of the judgment denying his § 2255 motion, his motion to reopen is untimely under Rule 4(a)(6). "Under the plain meaning of Rule 4(a)(6), district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order." Vencor Hospitals, 279 F.3d at 1310.

Had the court authority to reopen the time for Hughes to appeal from its judgment, the circumstances of this case would not weigh in favor of an exercise of that authority. The docket sheet reflects that a copy of the court's judgment was mailed to Hughes on July 10, 2003-- at the address he provided to the court when he filed his

---

4. (...continued)
to reopen the time for appeal within seven days of receiving notice of entry of judgment, the motion to reopen is timely.  However, the defendant's motion to reopen in McDaniel was filed well within Rule 4(a)(6)'s 180-day limit, and the appellate court's decision in that case focused on the question of what constitutes notice of entry of judgment for purposes of the seven-day period specified in Rule 4(a)(6).

§ 2255 motion--with no indication that the mail was returned.  The court's files further reflect that Hughes did not advise the court of a change of address until January 23, 2006.  Moreover, Hughes offers no explanation for why he waited until January 2006--over five years after he filed his § 2255 motion, and over two years after he filed his objections to the magistrate judge's recommendation--to inquire into the status of his § 2255 motion.  "[P]arties have a duty to inquire periodically into the status of their litigation."  Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993).

In light of the foregoing, it is ORDERED that defendant Lorenzo Hughes's motion to reopen the time to file an appeal (Doc. no. 1888) is denied.

DONE, this 25th day of May, 2006.

                                          /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE