IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:94cr62-MHT |
| | ) | (WO) |
| LORENZO HUGHES | ) | |

OPINION AND ORDER

This case is before the court on defendant Lorenzo Hughes's motion for reduction of sentence pursuant to the First Step Act (doc. no. 2161).

The Fair Sentencing Act of 2010, PL 111-220, August 3, 2010, 124 Stat 2372, lowered the minimum and maximum mandatory penalties applicable to certain quantities of crack cocaine for defendants who were convicted under 21 U.S.C. §§ 841, 960, and 844, and who had not yet been sentenced as of the effective date of the Act, August 3, 2010. Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221, made those reductions available to defendants who were

sentenced *before* the Fair Sentencing Act became effective.

Following the passage of the First Step Act of 2018, this court established a panel to consider whether a defendant might be eligible for a reduction of sentence. The panel has considered Hughes's motion and unanimously recommends that it be denied.

Upon consideration of the recommendation of the First Step Act Screening Panel entered today, and after an independent and de novo review of the record, it is ORDERED that defendant Lorenzo Hughes's motion for reduction of sentence pursuant to the First Step Act (doc. no. 2161) is denied. Defendant Hughes is ineligible for a sentence reduction under the First Step Act because the Fair Sentencing Act's reduced sentences for certain crack cocaine offenses do not impact his sentence, which is based on his conviction of 21 U.S.C. § 848.

DONE, this the 22nd day of November, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**